## CIRCUIT COURT OF THE CITY OF SALEM

In re Grievance
of Dale L. Poff

Case No. (Chancery) 97-190

In re Grievance
of David M. Clark

Case No. (Chancery) 97-191

December 11, 1997

BY JUDGE ROBERT P. DOHERTY, JR.

Two Virginia Department of Transportation (VDOT) supervisors filed grievances alleging unfair application of departmental policy. They claim that a newly-promoted employee received additional pay for a skill classification earned before he became a supervisor, as well as his pay increase as a supervisor, while they were not allowed to apply for a similar increased salary. Their complaint was determined to be not grievable by VDOT, and they appealed that ruling. VDOT's position is correct.

Notwithstanding Grievants' argument, the standard of review of the grievability of an issue is not the same as the standard of review of a pleading on demurrer. Instead, when reviewing a grievance appeal, the Court is not limited to looking only at the specific language of the grievance itself but may also review the record and "such other evidence as the ends of justice require." See § 2.1-116.06(E). The purpose of this is so that the Court can examine the specific complaint to determine if it is one that comes within the grievance process. Common sense dictates that the Court not operate within a vacuum. See the case of *County Sch. Bd. of York County v. Epperson*, 246 Va. 214 (1993), and the cases therein cited for similar approaches to this problem.

When, as in this case, the record and additional evidence is clear and unambiguous, the mere allegation that it is unclear and ambiguous does not make it so. Nor does such an allegation turn a non-grievable matter into a grievable one. The Broadbanding Salary Program of VDOT clearly does not apply to persons who were in a supervisory position prior to its implementation. The attempts by Grievants to insert themselves into this program amount to a challenge to existing policy and not to its implementation or application. Such a challenge is not a qualifying grievance as contemplated by § 2.1-116-06(A). In addition, the argument of the Attorney General that the Grievant's challenge is to the "establishment and revision of wages and salaries" is well taken. This challenge is specifically excluded from grievability by § 2.1-116.6(C) and will not be allowed.

Accordingly, the Court concludes that the complaints filed by petitioners are not grievable.